**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| SMITHS GROUP, PLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-00052-DSD-TNL |
| | ) | |
| RONALD A. FRISBIE, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER**

Defendant, Ronald A. Frisbie ("Frisbie), Answers Smiths Group, plc's Complaint as follows:

1.     Frisbie admits that he was an executive of Smiths Medical and that on January 4, 2013 he submitted his resignation to accept employment with CareFusion Corporation ("CareFusion").  Frisbie denies all remaining allegations in Paragraph 1.

2.     Frisbie admits that communications sent by Smiths Medical, which is not a legal entity with capacity to contract, contain activity restraints on Frisbie's ability to work  for competitors.  His offer letter further requires that he provide Smiths Medical with 6 months-notice of his resignation.  Frisbie denies all remaining allegations in Paragraph 2.

3.     Frisbie admits that Defendant has filed a legal action, but denies the remaining allegations in Paragraph 3.

**The Parties**

4.     Frisbie admits the allegations in Paragraph 4.

1

5.      Frisbie admits that at the time this Complaint was filed he was currently working for Smiths Medical ASD and residing in Minnesota.   Frisbie denies the remaining allegations contained in Paragraph 5.

## Jurisdiction & Venue

6.      Frisbie denies the allegations in Paragraph 6.

7.      Frisbie admits that venue is proper because at the time the action was filed Frisbie resided in the District.   Frisbie denies the remaining allegations contained in Paragraph 7.

## General Allegations

8.      Frisbie admits that both Smiths Medical and CareFusion are providers of medical products with a large and diverse array of product offerings.   Frisbie denies all remaining allegations in Paragraph 8.

9.      Frisbie admits that syringe pumps are used in hospital settings, ambulatory pumps are used in outpatient settings, and that both Companies compete in the market for syringe infusion pumps.   Frisbie denies all remaining allegations in Paragraph 9.

10.     Frisbie admits that the market for infusion pumps is competitive and that competitors compete on quality, safety and price.   Frisbie  is without sufficient knowledge or information to identify other companies who sell these products or their market share, and therefore can neither admit nor deny the remaining allegations in Paragraph 10.

11.     Frisbie admits that he worked at Smiths Medical from September 17, 2007 until January 7, 2013 as the head of Global Operations, and that he reported to Srini Seshadri.  Frisbie denies the remaining allegations in Paragraph 11.

12.     Frisbie admits that his base salary at Smiths Medical was $300,000 and that he was eligible to participate in various bonus, stock ownership and other incentive compensation plans.   Frisbie further admits that in 2011, the aggregate value of his present and deferred compensation was approximately $1.3 million.

13.     Frisbie admits that as head of Global Operations, manufacturing, supply chain, sourcing and purchasing departments ultimately reported into his line of management and that he has general knowledge about each of these subjects.  Frisbie denies all remaining allegations in Paragraph 13.

14.     Frisbie admits that he was a member of Smiths Medical's senior leadership team and was privy to some, but not all, confidential business information about these aspects of Smiths Medical's business.   Frisbie denies all remaining allegations in Paragraph 14.

15.     Frisbie admits that he was privy to some, but not all, information about Smiths Medical's manufacturing process and supply chain, quality and safety issues, and cost considerations.  Frisbie denies all remaining allegations in Paragraph 15.

16.     Frisbie denies the allegations in Paragraph 16.

17.     Frisbie admits that he signed an offer letter and agreement concerning confidential information, competition and assignment of inventions, that was also signed

by Mr. Seshadri, on behalf of Smiths Medical, which is not a legal entity with capacity to contract.  Frisbie denies the remaining allegations contained in Paragraph 17.

18.     Frisbie admits that Plaintiff has accurately quoted Paragraph 12 of his offer letter.  Frisbie denies remaining allegations in Paragraph 18.

19.     Frisbie admits that the Plaintiff has accurately quoted the language as stated in Paragraph 19.  Frisbie denies all remaining allegations in Paragraph 19.

20.     Frisbie admits that Section F(b) of the Agreement Concerning Confidential Information, Competition and Assignment of Inventions contains the language as stated in Paragraph 20.  Frisbie denies all remaining allegations in Paragraph 20.

21.     Frisbie admits that Plaintiff has accurately quoted section G of the document, but denies the remaining allegations in Paragraph 21.

22.     Frisbie admits the allegations in Paragraph 22.

23.     Frisbie admits that on January 4, 2013 he submitted his resignation with two weeks' notice to Mr. Seshadri and that Frisbie had accepted an offer of employment from CareFusion.  Frisbie denies the remaining allegations in Paragraph 23.

24.     Frisbie denies the allegations in Paragraph 24.

25.     Frisbie denies the allegations in Paragraph 25.

### First Count – Breach of Contract

26.     Frisbie restates his responses to all of the allegations above.

27.     Frisbie admits that he signed Terms of Employment and an Agreement Concerning Confidential Information, Competition and Assignment of Inventions. Frisbie denies the remaining allegations in Paragraph 27.

4

28. Frisbie denies the allegations in Paragraph 28.

29. Frisbie denies the allegations in Paragraph 29.

30. Frisbie denies the allegations in Paragraph 30.

## Second Count – Misappropriation of Trade Secrets

31. Frisbie restates his responses to all of the allegations above.

32. Frisbie denies the allegations in Paragraph 32.

33. Frisbie admits that he executed the Agreement concerning Confidential Information. Frisbie does not have sufficient knowledge or information to admit or deny whether other employees signed confidentiality agreements. Frisbie denies the remaining allegations contained in Paragraph 33.

34. Frisbie denies the allegations in Paragraph 34.

35. Frisbie denies the allegations in Paragraph 35.

36. Frisbie denies the allegations in Paragraph 36.

## Third Count – Breach of Fiduciary Duty

37. Frisbie restates his responses to all of the allegations above.

38. Frisbie admits that during the course of his employment, he owed Smiths Medical ASD (his employer) a fiduciary duty. Frisbie denies the remaining allegations contained in Paragraph 39.

39. Frisbie admits that it could be a breach of fiduciary duty to provide his employer's confidential information to a competitor during the term of his employment, but denies that he has done so or otherwise breached any fiduciary duty.

40. Frisbie denies the allegations in Paragraph 40.

**Fourth Count – Unfair Competition**

41.     Frisbie restates his responses to all of the allegations above.

42.     Frisbie denies the allegations in Paragraph 42.

43.     Frisbie denies the allegations in Paragraph 43.

**AFFIRMATIVE DEFENSES**

1.      Plaintiff's Complaint should be dismissed for lack of Subject Matter Jurisdiction, pursuant to 28 U.S.C. § 1332(a).

2.      Plaintiff lacks the capacity to sue in Minnesota for failure to comply with Minnesota Statute § 303.20, which requires a foreign corporation to obtain a certificate of authority before maintaining a cause of action in Minnesota.

3.      The agreements at issue in this matter are void because the contracting party, Smiths Medical, lacks the legal capacity to enter into a legally binding contract.

4.      Plaintiff's claims for equitable relief are barred under the unclean hands doctrine, because plaintiff willfully attempted to enforce an overbroad and unlawful restraint of trade upon Frisbie.

5.      Plaintiff's claims are barred to the extent that they try to foreclose Frisbie from working in California, which finds such agreements to be void and in violation of public policy.

6.      Plaintiff's claims are barred because they seek specific performance of a personal service agreement.

7.      As more fully set forth in Defendant's Opposition To Plaintiff's Motion for Temporary Restraining Order and Supplemental Memorandum on the same, Plaintiff's

Complaint fails to name the non-diverse real party in interest in this action, Smiths Medical ASD, Inc., and must be dismissed accordingly, as required by Federal Rule of Civil Procedure 17(a)(1).

8.     As more fully set forth in Defendant's Opposition To Plaintiff's Motion for Temporary Restraining Order and Supplement Memorandum on the same, Plaintiff's Complaint fails to join Smiths Medical ASD, Inc., a non-diverse, indispensable party. Therefore, this action must dismissed accordingly, pursuant to Federal Rule of Civil Procedure 19.

Dated:  January 21, 2013          By   s/Sonya R. Braunschweig
                                       Alan L. Kildow, Bar No. 143133
                                       Sonya R. Braunschweig, Bar No. 290282
                                       DLA Piper LLP (US)
                                       80 South Eighth Street, Suite 2800
                                       Minneapolis, Minnesota  55402
                                       Telephone: 612.524.3000
                                       Facsimile:  612.524.3001
                                       alan.kildow@dlapiper.com
                                       sonya.braunschweig@dlapiper.com

                                       Michael J. Sheehan (admitted *pro hac vice*)
                                       Rachel B. Cowen (admitted *pro hac vice*)
                                       DLA Piper LLP (US)
                                       203 North LaSalle Street, Suite 1900
                                       Chicago, Illinois  60601
                                       Telephone: 312. 368.4000
                                       Facsimile:  312.236.7516
                                       michael.sheehan@dlapiper.com
                                       rachel.cowen@dlapiper.com

                                       Attorneys for Ronald A. Frisbie