UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Smiths Group, plc,                                          Case No. 13-CV-52 (DSD/TNL)

                Plaintiff,

v.                                                          **NOTICE OF AND ORDER FOR
                                                            PRETRIAL SCHEDULING
                                                            CONFERENCE**

Ronald A. Frisbie,

                Defendant.

---

TO:    Plaintiff above-named and Plaintiff's attorneys Claire Martirosian and Jyotin Hamid, Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022; Lawrence M. Shapiro, Greene Espel PLLP, 222 S 9th St Ste 2200, Mpls, MN 55402.

Defendant above-named and Defendant's attorneys alan L. Kildow and Sonya R Braunschweig, DLA Piper LLP (US), 80 S. Eighth Street, Suite 2800, Mpls, MN 55402; Rachel B. Cowen and Michael J Sheehan, DLA Piper LLP (US), 203 North LaSalle Street, Suite 1900, Chicago, IL 60601.

If counsel for all parties are not listed above, it shall be the responsibility of Plaintiff's counsel (1) to immediately notify those parties and counsel of this conference, and (2) to immediately inform those parties and counsel of the requirements set forth in this notice and order.

## I. DATE, TIME, PLACE AND PARTICIPANTS

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16 of the Rules of this District, a pretrial conference of trial counsel in the above matter shall be held in Chambers 342, at U.S. Courthouse, 316 North Robert Street, Saint Paul, Minnesota 55101, on **Wednesday, February 27, 2013 at 10:00 a.m.,** before United

States Magistrate Judge Tony N. Leung to consider the matters set forth in Rule 16(c), the Rule 26(f) disclosures, and related matters.

Attached hereto is a template of the Pretrial Scheduling Order that will be used by the Court at the pretrial conference.  Parties and respective counsel shall familiarize themselves with the template and be prepared to complete it at the pretrial conference.

## II. MEETING, REPORTS AND DISCLOSURES REQUIRED

A.   Pursuant to Federal Rule of Civil Procedure 26(f), trial counsel for each party shall meet no later than 21 days before the pretrial conference, to discuss settlement, and to prepare the report required by Rule 26(f) and Local Rule 16.2.

B.   If the case does not settle, no later than 14 days after the parties conduct their 26(f) meeting, counsel shall jointly prepare and file electronically on ECF, in compliance with the Electronic Case Filing Procedures for the District of Minnesota, a complete written report of the Rule 26(f) meeting.  A copy of the report shall also be delivered to chambers no later than 14 days after the parties conduct their 26(f) meeting, at the following e-mail address: leung_chambers@mnd.uscourts.gov. The report shall include:

1.   **Date and Place of the Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference**

   a.   The date and place at which the meeting was held;

   b.   Name, address and occupation or business of each party, together with the name, address, telephone number, and e-mail address of the attorneys who represented each party at the meeting;

   c.   Name of insurance carriers that may be liable for the defense or payment of any damage award; and

   d.   An agenda of matters to be discussed at the Pretrial Conference.

**2.** **Description of the case**

    a.    A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description, and in cases involving a limited liability corporation as a party, the concise statement shall also include a brief description of the availability of diversity jurisdiction;

    b.    A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and

    c.    A summary itemization of the dollar amount of each element of the alleged damages.

**3.** **Pleadings**

    a.    A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings;

    b.    The date by which all motions that seek to amend the pleadings or add parties will be filed; and

    c.    Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

**4.** **Discovery Plan** (If parties are unable to agree on a discovery plan, the report shall separately set forth each party's proposed plan.)  Such a plan shall include such matters as production of electronically stored information (ESI), focusing the initial discovery on preliminary issues that might be case dispositive, instituting document control mechanisms, stipulating to facts to eliminate unnecessary discovery and any other matters counsel may agree upon to control litigation costs and delay. Such a plan, at a minimum, shall include the following:

    a.    The date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed);

    b.    Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced;

  c.  Whether discovery should be conducted in phases, or limited to or focused upon, particular issues;

  d.  The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B);

  e.  The number of interrogatories each party shall be permitted to serve;

  f.  The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take;

  g.  The number of expert depositions each party shall be permitted to take; and

  h.  A mechanism and date by which the parties shall meet, confer, and stipulate to search terms and any other unique electronic discovery issues, as appropriate.

**5.**  **Close of Discovery and Non-Dispositive Motions**

The date by which all discovery shall be completed and all non-dispositive motions shall be filed and served.

**6.**  **Dispositive Motions and Trial**

  a.  The date by which all dispositive motions shall be served, filed and heard;

  b.  The date by which the case shall be ready for trial;

  c.  The number of expert witnesses each party expects to call at trial; and

  d.  Estimated trial time (including jury selection and instructions, if applicable).

C.  Unless otherwise agreed by counsel, the initial disclosures shall be exchanged no later than the time limits set forth by Rule 26(a)(1).

  **D.** **No later than seven (7) days before the Rule 16 conference, each party shall also submit a Letter/Memorandum concerning settlement—including without limitation, whether the case is appropriate for early settlement or alternative dispute resolution—which shall remain confidential between the Court and that party. The confidential settlement letter shall be delivered to Magistrate Judge Leung's chambers via e-mail to leung_chambers@mnd.uscourts.gov <u>or</u> by U.S. Mail (not both).**

### III.  <u>EXERCISE OF JURISDICTION BY U.S. MAGISTRATE JUDGE PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 636(c)</u>

  If the parties consent to have this matter tried before the Magistrate Judge, <u>all counsel must jointly sign</u> the "Consent to the Exercise of Jurisdiction by a United States Magistrate Judge" form by the date of the pretrial conference. This form is available from the United States District Court for the District of Minnesota's website, www.mnd.uscourts.gov, in the Civil Forms table under "Court Forms." Send the completed form directly to the chambers of United States District Court Judge David S. Doty, at the following e-mail address: doty_chambers@mnd.uscourts.gov.

## IV.  **REMEDIES**

Failure to comply with any provision of this Order or any other consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that the Court may from time to time deem appropriate.

**IT IS SO ORDERED.**


Dated:  January 22, 2013            _S/ Tony N. Leung_____
                                    Tony N. Leung
                                    U.S. Magistrate Judge
                                    *Smiths Group vs. Frisbie*
                                    *13CV52*

# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

_____,

PLAINTIFF(S),

V.

_____,

DEFENDANT(S).

CIVIL NO. 13-CV- (DSD/TNL)

**PRETRIAL SCHEDULING ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and less expensive determination of this action, the following schedule shall govern these proceedings. This schedule may be modified only upon formal motion and a showing of good cause as required by D. Minn. LR 16.3.

1. <u>Fact Discovery</u>

    a. All pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed on or before _____, 2013.

    b. Fact discovery shall be <u>commenced in time to be completed</u> on or before _____.

    c. No more than \_\_ Interrogatories, counted in accordance with Fed. R. Civ. P. 33(a), shall be served by either side/party.

    d. No more than \_\_\_ Document Requests shall be served by either side/party.

    e. No more than \_\_\_ Requests for Admissions shall be served by either side/party.

    f. No more than \_\_\_ Fed. R. Civ. P. 35 medical examination(s) shall be served by either side/party.

    g. No more than \_\_ depositions, excluding expert witness depositions, shall be taken by either side/party.

7

    h. At this time, the Parties agree that a protective order is not necessary; however, if a protective order should be necessary, the parties shall jointly submit a proposed order. The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document or information is therein genuinely confidential and/or there are *compelling* reasons to do so. Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary.

    i. Any party claiming privilege or protection of trial-preparation materials shall serve on the party seeking discovery a privilege log that complies with the requirements in Fed. R. Civ. P. 26(b)(5).

2. ESI Discovery Plan

    a. The parties shall preserve all electronic documents that bear on any claims, defenses, or the subject matter of the lawsuit. Production of electronic documents shall be in native format. If the use of native format requires proprietary software, the producing party shall inform the requesting party of that fact.

3. Expert Discovery

    a. Each party/side may call no more than ___ expert witnesses.

    b. Each party/side shall take no more than one deposition per expert.

    c. The parties acknowledge that __(Plaintiff)__'s treating doctors and medical care providers are not retained experts and that each party will have access to all relevant medical records. __(Plaintiff)__ anticipates that such treating doctors will be allowed to testify regarding their care and treatment. __(Defendant)__ agrees that such treating doctors are not subject to the expert disclosure requirement set forth in Fed. R. Civ. P. 26(a)(2), and reserves the right to challenge the scope of their testimony to be offered at trial.

    d. Disclosure of the identity of expert witnesses under Fed. R. Civ. P. 26(a)(2)(A) and the full disclosures required by Fed. R. Civ. P. 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

        i. Plaintiff
1. Identification by Plaintiff on or before _____.
2. Report by Plaintiff on or before _____.
3. Rebuttal witness and reports shall be disclosed on or before_____.

        ii. Defendant
1. Identification by Defendant on or before _____.
2. Report by Defendant on or before _____.

8

      3. Rebuttal witness and reports shall be disclosed on or before_____.

*OR*

   iii. *Identification by the Party bearing the burden of proof on or before _____.*
   iv. *Report by the Party bearing the burden of proof on or before _____.*
   v. *Identification by the Rebuttal Party on or before _____.*
   vi. *Report by the Rebuttal Party on or before _____.*
   vii. *If Defendant/an opposing party identifies an expert in a new area of expertise, Plaintiff shall have until _____ to submit a rebuttal report.*
   viii. *If Plaintiff does not identify an expert, but Defendant does, Plaintiff shall have to and including _____ to identify a rebuttal expert witness and submit a rebuttal report.*

  e. Expert discovery, including depositions, shall be completed on or before _____.

4. <u>Non-Dispositive Motions</u>

  a. Non-dispositive motions may be scheduled for hearing by calling the Court's Judicial Assistant & Calendar Clerk, Kathleen Feldman, at 651-848-1870.

  b. **All motions which seek to amend the pleadings, including without limitation, a motion for leave to amend to add parties must be served on or before ____.**

  c. Motions for leave to amend to add punitive damage claims must be served and filed on or before _____.

  d. Except as to non-dispositive motion deadlines specifically set forth elsewhere in this Order, all non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed on or before ____.

  e. All non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before _____.

  f. Prior to scheduling any non-dispositive motion, parties are strongly encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through telephone conference with the Magistrate Judge. All non-dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with D. Minn. LR 7.1 and 37.1, and shall be presented in a form that complies with D. Minn. LR 37.2.

  g. At the Rule 16 Scheduling Conference, the Court advised the parties that it is willing to resolve non-dispositive disputes between the parties on an informal

9

basis via a telephone conference. However, before the Court will agree to proceed with this informal resolution mechanism, the "meet and confer" required by Fed. R. Civ. P. 37(a)(1) and D. Minn. LR 37.1 must have taken place, and all parties to the dispute must <u>agree</u> to use this informal resolution process as the very nature of the process is such that the parties are giving up rights they would otherwise have (<u>e.g.</u>, the dispute is heard over the phone; there is no recording or transcript of the phone conversation; no briefs, declarations or sworn affidavits are filed). If the parties do <u>agree</u> to use this informal resolution process, one of the parties shall contact the Court's Judicial Assistant & Calendar Clerk, Kathleen Feldman, to schedule the conference. The parties shall submit <u>short</u> letters prior to the conference to set forth their respective positions. The requesting party shall submit its letter 7 days prior to the conference; the responding party shall submit its letter 4 days prior to the conference. The Court will read the written submissions of the parties before the phone conference, hear arguments of counsel at the conference, and if no one changes their decision during the phone conference regarding their willingness to participate in this informal resolution process, the Court will issue its decision at the conclusion of the phone conference or shortly after the conference. Depending on the nature of the dispute, the Court may or may not issue a written order. If there is no agreement to resolve a dispute through this informal resolution process, then the dispute must be presented to the Court via formal motion and hearing.

5. <u>Dispositive Motions</u>

    a. All dispositive motions shall be **served and filed** on or before ___.  [2 MONTHS AFTER DISCOVERY CUTOFF]

    b. **Presiding Judge's Preferences.**  Notwithstanding the provisions of Local Rules 7.1(c)-(d), the following procedures shall apply to the dispositive-motion[1] practice in this case:

        i. The moving party shall first contact the court's courtroom deputy, Connie Baker, at (612) 664-5063, to secure a hearing date at least 42 days in the future. Once the moving party has secured a hearing date, it shall promptly file a notice of motion informing all parties of the nature of the motion and the date, time and location of the hearing.

        ii. The moving party shall serve and file the following documents at least <u>42 days</u> before the scheduled hearing: (a) motion, (b) memorandum of law

---

[1] The following are deemed dispositive motions under this order: motions for preliminary or permanent injunctive relief; motions to dismiss, for judgment on the pleadings or for summary judgment; motions to certify a class action; motions to exclude expert testimony under <u>Daubert v. Merrill Dow Pharmaceuticals, Inc</u>., 509 U.S. 579 (1993), and/or Federal Rule of Evidence 702; motions to remand or transfer; and motions to compel arbitration. Absent permission from the court, a party moving for a temporary restraining order must file and serve its motion papers, in addition to the Summons and Complaint, on the proposed-enjoined party before the court will entertain the motion. A motion for a temporary restraining order is not subject to the 42-day rule set forth below; rather, the courtroom deputy will advise the parties of the hearing date and briefing schedule. All motions for injunctive relief and motions to exclude expert testimony will be handled without live witness testimony absent advance permission from the court.

and (c) affidavits and exhibits. The party shall provide the court with TWO hard copies of its memorandum and ONE copy of any affidavits and exhibits.

   iii. The responding party shall serve and file the following documents <u>at least 21 days</u> before the hearing: (a) memorandum of law and (b) affidavits and exhibits. The party shall provide the court with TWO hard copies of its memorandum and ONE copy of any affidavits and exhibits

   iv. The moving party shall serve and file the following documents <u>at least 14 days</u> before the hearing: (a) memorandum of law or (b) a notice stating that no reply will be filed.  A reply memorandum shall not raise new grounds for relief or present matters that do not relate to the response. The party shall provide the court with TWO hard copies of its memorandum.

   v. If the court *sua sponte* cancels the hearing or continues the hearing date, all subsequently filed motion papers must be served as if the original hearing date were still in effect, unless otherwise directed by the court.

   vi. Parties need not meet and confer, as required under Local Rule 7.1(a), in advance of filing a dispositive motion, although they are encouraged to do so to attempt to narrow the issues presented to the court.

   vii. All other provisions in Local Rule 7.1 are unaffected by this order and remain applicable, including the word limitation in Rule 7.1(f).

6. <u>Status & Settlement Conferences</u>

    a. The parties <u>agree/do not agree</u> that an early settlement conference is appropriate in this case at this time.  The parties shall appear for an early settlement conference with the Court on _____ at ____.m.

    b. Counsel for the parties shall CM/ECF file two joint letters to the Court setting forth the status of the case with reasonable specificity on or shortly prior to _____.

    c. A formal settlement conference shall be scheduled by the Court on a later date when needed.

7. <u>Trial</u>

    a. This case shall be ready for a **Jury/Court** trial on ___. [3 MONTHS AFTER DISPO DATE]

    b. Anticipated length of trial is ___ days.

8. <u>Prior Orders and Remedies</u>

11

a. All prior consistent orders remain in full force and effect.

b. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

**IT IS SO ORDERED.**

Dated: _____

_____
Magistrate Judge Tony N. Leung
United States District Court
District of Minnesota