DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com

February 5, 2013

<u>VIA ECF FILING</u>

The Honorable David S. Doty
United States District Court
U.S. Courthouse, Suite 14W
300 South Fourth Street
Minneapolis, Minnesota 55415

                **Smiths Group, plc v. Ronald A. Frisbie**
                      **No. 13-cv-00052-DSD-TNL**

Dear Judge Doty:

      We represent Plaintiff Smiths Group, plc in the above-referenced matter. Regrettably, despite counsel's good faith efforts, we have been unable to resolve issues arising from Defendant's request that the parties voluntarily exchange expedited discovery (beyond the discovery ordered by the Court in its January 24 order) in advance of the preliminary injunction motion scheduled to be heard before Your Honor on February 15.

      Although Defendant initially sought and received leave to have his motion to dismiss heard on the same February 15 date, his counsel have advised that he no longer seeks to do so, and he will not be addressing the subject matter jurisdiction issue in argument on Plaintiff's preliminary injunction motion. The proposed discovery to be addressed at this time, therefore, relates solely to Plaintiff's motion for a preliminary injunction.

Background on the Preliminary Injunction Motion

      Plaintiff's preliminary injunction motion will seek to enforce Mr. Frisbie's obligations under his non-compete agreement with Plaintiff and extend the restrictions this Court has already imposed in its January 24 order. *See Smiths Group, plc v. Frisbie*, No. 0:13-cv-00052-DSD-TNL, 2013 WL 268988 (D. Minn. Jan. 24, 2013). The issues to be decided on the motion are narrow and do not require voluminous discovery. As the Court previously noted, Defendant does not argue that the non-compete is unenforceable. *Id.* at *3. Nor could he. Defendant has admitted in his Answer to Plaintiff's Complaint

The Honorable David S. Doty                2                          February 5, 2013

that he was privy to Plaintiff's confidential information. Docket #34, Answer, at ¶¶ 14, 15. Moreover, as Defendant correctly noted during TRO proceedings, the non-compete is only a narrow "activity" restriction which does not prevent him from working at CareFusion so long as he appropriately tailors his activities so that he is not involved in the design, development or manufacture of "Conflicting Products." *Smiths*, 2013 WL 268988, at *4. Defendant has contended that CareFusion has already taken measures that would ensure compliance with the provision, while Plaintiff contends that such measures are not broad enough. *Id.* at *3-4.

The only material disputed question on the motion, therefore, concerns the scope of the activities from which Defendant should be restricted at CareFusion in order to comply with the non-compete. Put differently, the only material factual question to be decided is which of CareFusion's products are "Conflicting Products" as defined in Defendant's non-compete – i.e., which CareFusion products are "similar to or compete with" Plaintiff's products. *Id.* at *1 n.1.

Expedited Discovery Sought by Defendant

Last Friday, February 1, counsel for Defendant asked that Plaintiff consider agreeing to a voluntary exchange of expedited discovery in advance of the preliminary injunction motion, in addition to the discovery already ordered by the Court in ts January 24 order. *See id.* at *5-6. I advised that Plaintiff was amenable to the concept, provided that such discovery would be narrow, targeted and feasible under the circumstances (in which the parties had only eight business days to brief the motion). I reiterated that point in writing.

On Saturday evening, at about 6:00 pm EST, Defendant served a voluminous proposed discovery request, including approximately 40 individual requests (with sub-parts), and seeking such broad categories as "all documents" concerning every Smiths Medical product at issue in the case, "all documents" concerning any strategic, financial or confidential information to which Mr. Frisbie was exposed during his 5-year tenure at Smiths Medical, and documents related to business divisions of Smiths Group that are unrelated to Smiths Medical and of no conceivable relevance to this case. The requests would call for the search, collection, review and production of literally millions of pages of documents from scores of locations around the world. Defendant purported to demand production on Wednesday, February 6. Defendant also served notice of its intention proposed to take three depositions this week. (To avoid burdening the Court with excess paper, I have not attached copies of Defendant's discovery requests, but will of course provide them should Your Honor wish to see them.)

On Monday, February 4, in the morning, I advised Defendant's counsel that the proposed discovery requests they had served on Saturday evening were vastly overbroad, that it would be, literally, impossible to comply with them, and that Plaintiff would not voluntarily agree to expedited discovery on the basis of such overbroad requests. I

The Honorable David S. Doty          3          February 5, 2013

suggested that we explore alternative approaches. Counsel thereafter tried to find common ground in emails and phone calls throughout the day.

In an email sent at 4:00 pm EST, I offered that Plaintiff would voluntarily produce the following by Friday, February 8:

- Documents sufficient to identify the products which Smiths Medical contends compete with CareFusion products.

- Documents sufficient to reflect Smiths Medical's competitive analysis of CareFusion.

- A spreadsheet showing, for each category of product which Smiths Medical contends competes with CareFusion, approximate revenue and market share figures.

- The unredacted copy of Exhibit C to Mr. Seshadri's supplemental declaration (which Defendant had specifically requested and which is a highly sensitive strategic planning document).

- Any specific documents relied upon by Mr. Seshadri in his declarations.

Because many of these documents are highly sensitive, and this case involves litigation among direct competitors, I advised that Plaintiff would require entry of a protective order which includes an "attorneys' eyes only" designation in advance of production.

I also offered voluntarily to make Mr. Seshadri (who I represented would be Plaintiff's sole fact declarant) available for four hours of deposition on Sunday, February 10. Defendant's counsel had previously advised me on Friday that they were willing to take the deposition over the weekend in light of the expedited schedule. I explained that four hours on Sunday morning was the only feasible option for the deposition because Mr. Seshadri's declaration in support of the motion will not be filed until Wednesday; Mr. Seshadri cannot be deposed on Thursday because I would have no opportunity to spend time preparing him given our filing deadline on Wednesday; Mr. Seshadri is unavailable for deposition or preparation on Friday, as he has an engagement with a U.S. Senator and a member of the House of Representatives from Minnesota that day; and Mr. Seshadri has a flight to Italy on Sunday afternoon. The only feasible way to accommodate the deposition would be for me to prepare Mr. Seshadri on Saturday and to make him available for deposition on Sunday morning from 8:00 am to noon.

Plaintiff offered to produce the documents described above and to make Mr. Seshadri available for a deposition despite the fact (described below) that Defendant will not be producing any discovery to Plaintiff whatsoever (beyond what the Court has ordered). Nevertheless, Defendant's counsel rejected my offer, stating that they will not

The Honorable David S. Doty 4 February 5, 2013

countenance a protective order including an "attorneys' eyes only" designation and that the documents I proposed to produce are not broad enough.

Expedited Discovery Sought by Plaintiff

In keeping with counsel's discussion last Friday about the possibility of exchanging narrow, targeted discovery on a voluntary basis, Plaintiff has sought very little. We do not seek any depositions in advance of the preliminary injunction motion. We do not seek any documents from Defendant beyond the limited requests permitted by Paragraph 4 of the Court's January 24 order. The only additional discovery we sought is that on Saturday morning we asked Defendant's counsel to accept on behalf of CareFusion a document subpoena. Consistent with our position that discovery should be narrow and targeted, we sought production of only two, very narrow categories of documents. (Again, we have avoided burdening the Court with a copy of the subpoena, but would be happy to provide one should the Court wish to see it.)

Although we understand that CareFusion is not yet a party to this action, we also note that CareFusion supplied multiple declarations in opposition to our motion for a temporary restraining order and that Defendant's counsel have repeatedly acknowledged that CareFusion is their client. (I suspect, moreover, that CareFusion will be supplying declarations and exhibits to oppose the preliminary injunction motion.) In any event, Defendant's counsel have advised that they have not asked CareFusion whether they can accept service of the subpoena on CareFusion's behalf and that Plaintiff will not receive any documents in response to the subpoena before our motion papers are due.

In short, Plaintiff will receive no expedited discovery at all in advance of the preliminary injunction motion beyond what the Court has already ordered.

Plaintiff's Current Position on Expedited Discovery

Plaintiff respectfully requests that no further expedited discovery be ordered in advance of the February 15 hearing. Plaintiff has no obligation under the Federal Rules or any order of this Court to provide discovery (beyond the discovery it is providing pursuant to the January 24 order). Plaintiff itself will be receiving no discovery beyond what the Court ordered Defendant to provide in the January 24 order. The scope of disputed issues on this motion is narrow. Plaintiff, as the moving party, bears the burden of proof. If the materials Plaintiff provides with its motion papers are insufficient to meet its burden, Plaintiff bears the risk of such insufficiency.

If the Court is inclined to order Plaintiff to provide some additional discovery to Defendant, we respectfully request that such discovery be limited to the four-hour deposition of Mr. Seshadri on Sunday morning. Under that approach, Defendant would have the opportunity to cross-examine Plaintiff's sole declarant about the substance of his

The Honorable David S. Doty             5             February 5, 2013

testimony and about the documents on which Plaintiff relies to try to carry its burden before Defendant's opposition papers are due.

If the Court is inclined to order Plaintiff to provide additional document discovery, we respectfully request that such discovery be limited to the document categories referenced earlier in this letter which I proposed as part of a compromise that was rejected by Defendant on Monday afternoon. We strenuously object, however, to producing such highly confidential documents in the absence of a protective order which includes an "attorneys' eyes only" designation.

Briefing Schedule

The parties are agreed on a briefing schedule: Plaintiff's papers in support of its preliminary injunction motion will be filed on or before noon CST on February 6 (provided that Defendant produces the court-ordered discovery at least 24 hours in advance), and, as the Court previously directed, Defendant's opposition papers will be filed on or before 3:00 pm CST on February 12.

As noted, Defendant has advised that he no longer seeks to raise his jurisdiction defense at the February 15 hearing (though he previously requested and was granted leave to do so). The parties, therefore, have had no need to discuss a briefing schedule on Defendant's motion to dismiss (which is currently noticed to be heard on March 22). Plaintiff will be producing the court-ordered discovery related to the subject matter jurisdiction issue to Defendant on February 7, as Defendant requested in writing.

\*    \*    \*    \*    \*

We thank Your Honor for your attention to these matters.

Very truly yours,

/s/ *Jyotin Hamid*

Jyotin Hamid

cc:     Michael J. Sheehan, Esq.
        Rachel B. Cowen, Esq.
        Raj Shah, Esq.
        Sonya R. Braunschweig, Esq.
        *Counsel for Defendant*

23833182v1