

DLA Piper LLP (US)
90 South Seventh Street, Suite 5100
Minneapolis, Minnesota  55402-4168
www.dlapiper.com

Sonya R. Braunschweig
sonya.braunschweig@dlapiper.com
T  612.524.3015
F  612.524.3055

February 5, 2013
VIA ECF

The Honorable David S. Doty
United States District Court
14W U.S. Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

Re:   Smiths Group, plc v. Ronald A. Frisbie
      Court File No. 13-cv-00052-DSD-TNL

Dear Judge Doty:

Thank you for allowing the parties, and in particular my client Defendant Ronald Frisbie, to submit a letter regarding certain issues that the parties have been unable to resolve with respect to Plaintiff Smith Group's Motion for Preliminary Injunction ("PI Motion") that is scheduled to be argued on February 15, 2013 at 9:30 a.m.  Neither party has requested any modification of the February 15 hearing date, and the parties agree that Plaintiff's PI Motion and supporting papers should be filed by February 6, 2013 at noon with Frisbie's opposition brief due on February 12, 2013.[1]  Although the parties previously agreed to broaden the scope of expedited discovery for the PI Motion, the parties have been unable to resolve the scope of discovery that Frisbie should be entitled to in connection with preparing his opposition papers.

As the Court is aware, the relevant portion of the noncompete at issue states that Frisbie "will not render services, directly or indirectly, to any Conflicting Organization nationwide in connection with the marketing, sale or promotion of any Conflicting Product..."  A Conflicting Product is defined as " any product, process, system or service...which *is the same as or similar to or competes with a product, process, system or service* upon which [his] department has worked during the last two (2) years of employment *and* about which [he] acquires *Confidential Information*."

Under the language of the noncompete, there is a material factual dispute[2] between the parties as to: (1) "Conflicting Products" at issue; and (2) whether Frisbie acquired any "Confidential Information" with respect to any "Conflicting Product."  To adequately prepare for the preliminary injunction argument,

---

[1]   Because the Court has allocated each side 30 minutes for argument on February 15, 2013, and denied Frisbie's request for an evidentiary hearing on the PI Motion, the parties request that the Court defer the hearing on the motion to dismiss for subject matter jurisdiction until March 22, 2013, as previously noticed.  Frisbie previously served jurisdictional discovery on an expedited basis, which the Court ordered answered.  Frisbie has addressed this issue with Plaintiff, and there appears to be no dispute between the parties that the motion to dismiss should proceed as previously scheduled with briefing completed in accordance with the Court's standing order.

[2]   *See, e.g., United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 744 (8th Cir. 2002) (noting that an evidentiary hearing is required before issuing a preliminary injunction when a material factual controversy exists) (citation omitted).



which will necessarily have to address both of those disputed issues, Frisbie served document requests and three notices of deposition in connection with Plaintiff's PI Motion. After conferring with Plaintiff, Frisbie narrowed his document requests and now asks that Plaintiff produce the following documents on an expedited basis by February 6, 2013:

- A list of the products that are currently for sale or are in the product development pipeline that Plaintiff asserts are in competition with CareFusion products (the "Conflicting Products");

- Documents sufficient to describe the extent of or nature of competition between Smiths Medical, including any comparative analyses that support or refute that the "Conflicting Products" compete with Plaintiff's products;

- A summary report that sufficiently identifies the factual bases for Plaintiff's contention that CareFusion competes in 30-40% of the market occupied by Smiths Medical or with products that generate 30-40% of Smiths Medical's revenues, including the revenue, costs and expenses, total units sold, identity of customers, and geographical market for the Conflicting Products;

- Marketing documents for those Conflicting Products, including product descriptions and marketing strategies that discuss the competition and relevant markets;

- The unredacted and complete copy of Exhibit C to the Supplemental Declaration of Srinivasan Seshadri, which was authored, in part, by Rena Bradham; and

- Documents relied upon by any declarant in support of the TRO or preliminary injunction.

While the parties were close to agreement on certain categories of documents, Plaintiff required Frisbie to accept all of its terms or none—a posture that Frisbie could not accept. Plaintiff also requested that Frisbie agree to an attorneys' eyes only protective order restriction that would prevent even Frisbie from reviewing the very documents he purportedly has intimate knowledge of from his prior employment. While Frisbie understands the need for an appropriate protective order, any restriction which prevents Frisbie from viewing the documents and working with his attorneys to identify the salient differences between Smiths Group's and CareFusion products is unreasonable.

Frisbie has also requested three depositions: the deposition of Srinivasan Seshadri, who will have submitted three declarations in this matter (two at the TRO stage and one at the preliminary injunction stage); a narrow Rule 30(b)(6) deposition on topics related to the issues identified above; and the deposition of Barbara Bac. After conferring with Plaintiff, Frisbie agreed to defer the deposition of Ms. Bac to a later date. Accordingly, Frisbie asked to take two depositions. Again, as part of an all or nothing proposal, Plaintiff offered to tender Mr. Seshadri for a deposition on Sunday, February 10, 2013, provided Frisbie commence the deposition at 8 a.m. and end it at noon prior to Mr. Seshadri's trip to Italy[3] and that Plaintiff forego its corporate representative deposition.

---

[3] As the Court is aware, Fed. R. Civ. P. 30(d)(1) permits a deposition of up to seven hours without leave of Court.



The discovery Frisbie seeks not only goes to the heart of Plaintiff's allegations against Frisbie, the breadth of the noncompete, and whether the noncompete has been breached but also to development of defenses vital to the assessment of the likelihood-of-success factor for a PI Motion. Plaintiff's broad and sweeping assertions at the TRO stage regarding the products at issue and the Confidential Information possessed by Frisbie are insufficient to carry the burden to obtain a preliminary injunction and are fair game for cross examination. Because the Court has rejected Frisbie's request that it hold an evidentiary hearing, document requests and depositions are essential to Frisbie's ability to delve into and test the substance of Plaintiff's assertions.

Wigmore once wrote that that cross examination is "beyond any doubt the greatest legal engine ever invented for the discovery of truth." Frisbie's limited discovery to determine the truth of what products are at issue, whether the products actually compete, and whether there is evidentiary support for the assertions in Plaintiff's declarations is imminently reasonable and essential to determine the truth here. Plaintiff, a large medical device company, cannot claim this matter is an emergency and then deprive Frisbie of discovery because it is too burdensome to participate in a limited document production and two depositions. Accordingly, Frisbie respectfully requests that the Court permit the discovery described herein on an expedited basis, as follows:

1. Plaintiff shall produce the requested documents at the same time that it files its brief in support of motion for a preliminary injunction on Wednesday, February 6.

2. Plaintiff shall produce Srinivasan Seshadri and its 30(b)(6) representative for deposition on Friday and Saturday, February 8-9.[4]

Finally, although this issue is currently not before the Court, Frisbie's counsel received a third-party subpoena for CareFusion on Saturday, February 2, 2013, with a return date of February 5, 2013 at noon. Plainitff did not serve this subpoena on CareFusion but inquired whether counsel would accept service on CareFusion's behalf. Even if CareFusion agreed to accept service as of Monday, its obligation to appear, object, and/or answer under Rule 45 would not be due until after the PI Motion is heard. The CareFusion subpoena is therefore a nonissue at this time.

Thank you for your assistance with this matter.

Sincerely,

*Sonya Braunschweig*

Sonya R. Braunschweig

EAST\54981274.1

---

[4] Plaintiff has suggested that it may designate Mr. Seshadri as its 30(b)(6) representative, in which case it is possible that only one day will be necessary for both depositions, depending upon the nature of his answers on cross examination. Plaintiff has also indicated that it does not expect to submit affidavits from any other declarants in support of its motion. But if that changes, Frisbie seeks depositions of those additional declarants as well, which could be taken simultaneously on Sunday and Monday morning, February 10-11, in time to be included in Frisbie's opposition papers due the following day.